UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **PATRICIA MANNIX, Individually and as Executrix for the Estate of MICHAEL MANNIX,** ) ) ) | |
| vs. ) ) | C.A. No. 18- |
| **A. W. CHESTERTON COMPANY, et al.,** ) ) | |

### NOTICE OF REMOVAL UNDER 28 U.S.C. § 1442

TO THE HONORABLE JUDGE OF UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant CBS Corporation ("Westinghouse")[1] hereby files its Notice of Removal of the above-styled state court action, removing said matter to this Court pursuant to 28 U.S.C. § 1442.

### BACKGROUND

1. Plaintiff filed her Complaint (Superior Court C.A. PC-2007-5269) in the Superior Court for the County of Providence, on or about October 4, 2007. The Complaint did not set forth a basis for removal. (See copy of Complaint attached as Exhibit 1). In particular, Plaintiff's Complaint failed to specify the source, or site, of Mr. Mannix's alleged exposure to Westinghouse-attributable asbestos.

2. On September 10, 2018, Plaintiff's counsel emailed a letter and an accompanying affidavit to Westinghouse's counsel in which it is alleged that Mr. Mannix was exposed to asbestos associated with Westinghouse turbines while serving in the United States Navy aboard the *U.S.S. Saratoga* from 1965 to 1969. (See copy of letter and affidavit attached as Exhibit 2).

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

1

3. Westinghouse designed, manufactured and supplied turbines to the Navy for use aboard the *Saratoga*. Each of these turbines was custom-designed and manufactured in accordance with detailed specifications and/or regulations promulgated or adopted by the Navy and its officers, and each relevant aspect of the turbine's design and manufacture was subject to detailed and ongoing direction and control by the Navy through its individual officers.

4. This Notice of Removal has been filed within thirty (30) days of Westinghouse's receipt of the September 10, 2018 letter and accompanying affidavit, which was Westinghouse's first receipt of an amended pleading, motion, order or other paper from which it could first ascertain that this has become removable. 28 U.S.C. § 1446(b)(3). *See, e.g.*, *Contois v. Able Indus.*, 523 F. Supp. 2d 155, 158-59 (D. Conn. 2007); *Carter v. ACandS, Inc.*, 2002 WL 31682352 at *3 (E.D. Tex. June 27, 2002). *Cf.*, *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 211 (5th Cir. 2002); *Akin v. Big Three Indus.*, 851 F. Supp. 819, 824 (E.D. Tex. 1994).

**FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. §1442(A)**

5. The basis for this removal is that this action involves a person, *i.e.*, Westinghouse, who – in relation to the claims being stated against it and as summarized herein – acted under the authority, direction and control of an officer or agency of the United States for purposes of 28 U.S.C. § 1442(a)(1) and who can state at least a colorable federal law-based "government contractor" defense to those claims.

6. Westinghouse respectfully requests an opportunity to respond more fully in writing to any motion for remand in this case, but offers the following statement and citations to authority at this time in satisfaction of its obligation under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its removal.

7. Removal under 28 U.S.C. § 1442(a)(1) is proper where a defendant: 1) "'act[ed] under [a federal] officer;'" 2) has been sued for the actions which it performed "'under color of federal office;'" and 3) can state at least a colorable federal law-based defense to that suit. *Mesa v. California*, 489 U.S. 121 (1989); s*ee also, e.g., Kirks v. General Elec. Co.*, 654 F. Supp. 2d 220, 223 (D. Del. 2009); *Nesbiet v. General Elec. Co.*, 399 F. Supp. 2d 205, 210 (S.D.N.Y. 2005); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 699 (S.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1325 (E.D. La. 1994); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993); *Fung v. Abex Corp.*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992).

8. As a corporation, Westinghouse is a "person" for purposes of § 1442(a)(1). *See, e.g., Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999); *Kirks*, 654 F. Supp. 2d at 223.

9. In designing, manufacturing and supplying the turbines at issue in this case to the Navy, Westinghouse acted under the detailed and ongoing direction and control of one or more federal officers. More specifically, Westinghouse designed, manufactured, and supplied such turbines in accordance with precise, detailed, specifications promulgated by Navy Sea Systems Command. Moreover, an Inspector of Naval Machinery, who was resident at Westinghouse's manufacturing facility, personally oversaw the manufacturing process and enforced compliance with the Navy's design specifications. Further, the turbines were subject to various tests and trials supervised by the Navy before they were approved for use on military vessels. In sum, all relevant aspects of the design and manufacture of the turbines (and of the format and content of the warnings, if any, to be supplied therewith)

were subject to close, detailed and ongoing supervision and control by the Navy and its officers. Numerous courts have, in fact, held – in light of these facts – that Westinghouse was "acting under a federal officer" in relation to its design, manufacture and supply of Navy turbines. *See, See, e.g.*, *Ruppel*, 701 F.3d at 1181; *Najolia v. Northrop Grumman Ship Sys.*, 883 F. Supp. 2d 646, 653-54 (E.D. La. 2012); *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 990 (C.D. Ill. 2011); *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1334-35 (N.D. Ala. 2010); *Madden*, 205 F. Supp. 2d at 700-01; *Crocker*, 852 F. Supp. at 1326; *Fung*, 816 F. Supp. at 572.

10. It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office. *See, e.g.*, *Madden*, 205 F. Supp. 2d at 701-02. *See also, e.g.*, *Ruppel*, 701 F.3d at 1181; *Ellis*, 798 F. Supp. 2d at 990; *Corley*, 688 F. Supp. 2d at 1334-35; *Crocker*, 852 F. Supp. at 1327 (E.D. La. 1994).

11. As to the question of a colorable federal-law based defense, Westinghouse hereby asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988) in that: 1) it designed, manufactured and supplied the turbines at issue in this case in accordance with "reasonably precise specifications" promulgated or adopted by the Navy; 2) the turbines conformed with those Navy specifications; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure. Once again, numerous courts considering the propriety of the removal of asbestos-related claims involving Westinghouse's design and manufacture of Navy turbines have found that Westinghouse can accordingly state at least a colorable

|     | government contractor defense in relation to such claims.  *See, e.g.*, *Ruppel*, 701 F.3d at 1183-86; *Najolia*, 883 F. Supp. 2d at 657-58; *Corley*, 688 F. Supp. 2d at 1334; *Crocker*, 852 F. Supp. at 1327; *Pack*, 838 F. Supp. at 1103. |

12. Westinghouse is not required to notify, or obtain the consent of, any other defendant to this action in order to remove this entire suit pursuant to 28 U.S.C. § 1442 (a)(1).  *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).

13. Westinghouse has attached those documents required by 28 U.S.C. 21 §1446(a) and will file those documents required by Local Rule 81 Applicable to Civil Proceedings.

14. Removal of this action is proper under 28 U.S.C. § 1442 as it is a civil action brought in a state court and as – consistent with the short and plain statement of the law and facts set forth herein – the federal district courts have original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1) because Westinghouse was acting under an officer or agency of the United States in relation to the claims stated against it and can state at least a colorable federal law-based defense to said claims.

WHEREFORE, PREMISES CONSIDERED, Westinghouse, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Superior Court for the County of Providence, on October 9, 2018.

                                              Respectfully submitted, THE DEFENDANT,
                                              CBS CORPORATION, A DELAWARE
                                              CORPORATION, F/K/A VIACOM INC.,
                                              SUCCESSOR BY MERGER TO CBS
                                              CORPORATION, A PENNSYLVANIA

CORPORATION, F/K/A WESTINGHOUSE
ELECTRIC CORPORATION, By its attorneys,

*/s/ Thomas W. Lyons*
Thomas W. Lyons         #2946
STRAUSS, FACTOR, LAING & LYONS
One Davol Square, Suite 305
Providence, RI  02903
(401) 456-0700

Date:  October 9, 2018

## CERTIFICATION

I HEREBY CERTIFY that on October 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF.

*/s/ Thomas W. Lyons*

6